PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America
By:    PIERRE ARMAND
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2724

...DNY
... ENT
... RONICALLY FILED
... :
... FILED: 8 31 10

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
UNITED STATES OF AMERICA,                    :

                         Plaintiff,          :

          - against -                        :

KHOSROW MOGHADDAM,                           :
K&S PHARMACY, INC., and SASHA
PHARMACY, INC.,                              :

                         Defendants.         :
-----------------------------------------------------x

**STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL**

10 Civ. 6483

WHEREAS, the United States of America (the "United States"), by its attorney, Preet

Bharara, United States Attorney for the Southern District of New York, filed a complaint (the

"Complaint") against Khosrow Moghaddam, K&S Pharmacy, Inc., and Sasha Pharmacy, Inc.

("Defendants"), under the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"),

and the common law, alleging, inter alia, that, from at least 2001 through 2004, Defendants made

false claims to Medicare for reimbursement in connection with purportedly providing to Medicare

patients a type of durable medical equipment referred to as a powered, pressure-reducing air

mattress;

WHEREAS, this stipulation and order covers all of the claims alleged in the Complaint

against Defendants and the conduct alleged therein (the "Covered Conduct");

WHEREAS, Defendants hereby appear and consent to the entry of this stipulation and order, without admitting any wrongdoing or liability, and similarly, do not admit to facts set forth in the Complaint; and

WHEREAS, to avoid the delay, expense, uncertainty, and inconvenience of protracted litigation, Defendants and the United States (the "parties") desire to reach a full and final compromise of the claims that the United States asserts in the Complaint in this action;

NOW, THEREFORE, the parties, in consideration of the promises, obligations, undertakings and commitments hereinafter set forth, hereby agree as follows:

1.      The parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2.      A judgment shall be entered against Defendants and in favor of the United States (in the form attached hereto as Exhibit A), in full compromise and satisfaction of the allegations against Defendants set forth in the Complaint, for the sum of seven hundred thousand dollars ($700,000.00) (the "Settlement Amount").  This Settlement Amount shall constitute a debt due and owing upon entry of this stipulation and order by the Court and is to be discharged by payment to the United States within three (3) business days of the entry of this stipulation and order. Defendants shall make such payment by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office, Southern District of New York.

3.      Subject to the exceptions in paragraph 6, in consideration of the obligations of Defendants set forth in this stipulation and order, and conditioned upon Defendants' payment in full of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release Defendants and its respective predecessors, successors, parents,

2

affiliates, and subsidiaries and its current and former officers, trustees, employees, agents and representatives ("the released persons and entities") from any civil monetary claim the United States has or may have against the released persons and entities for the Covered Conduct and under the False Claims Act, 31 U.S.C. §§ 3729-3733, or under the common law or equitable theories of fraud, unjust enrichment, and payment under mistake of fact.

4.      Defendants agree to release the United States, its agencies, departments, officers, employees, servants and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated), which Defendants have asserted, could have asserted, or may assert in the future against the United States or its agencies, departments, officers, employees, servants, and agents related to the matters covered by the Complaint, the United States' investigation and prosecution thereof, and this stipulation and order.

5.      This stipulation and order is intended to be for the benefit of the parties only, and by this instrument the parties do not release any claims against any other person or entity, except as expressly provided by this stipulation and order.

6.      Notwithstanding any term of this stipulation and order, including the release provided in paragraph 3, any and all of the following are specifically reserved and excluded from the scope and terms of this stipulation and order as to any entity or person:

a.      Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Any administrative liability;

3

d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.      Any claims based upon such obligations as are created by this stipulation and order; and

f.      Any liability to the United States of any entity or person, including but not limited to any joint tortfeasor that or who is not released by the terms of this stipulation and order.

7.      In the event of a criminal prosecution or administrative action relating to the Covered Conduct, Defendants waive and will not assert any defenses they may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this stipulation and order bars a remedy sought in such criminal prosecution or administrative action.

8.      Nothing in this stipulation and order constitutes an agreement by the United States or any Defendant concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

9.      Defendants shall be in default of this stipulation and order if they fail to make the payment set forth in paragraph 2 on or before its due date.  The United States will provide written notice of the default, to be sent by email and first-class mail to the undersigned attorney for Defendants.  In the event of default, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default.  If the Settlement Amount, with all accrued interest, is not paid in full within seven (7) business days

4

after delivery of the notice of default, Defendants shall consent to a Consent Judgment in the amount of the unpaid balance, and the United States, at its option, may: (a) rescind this stipulation and order and reinstate the Complaint filed in this action or seek specific performance of the stipulation and order; (b) offset the remaining unpaid balance from any amounts due and owing Defendants by any department, agency or agent of the United States at the time of default; or (c) exercise any other rights granted by law, or under the terms of this stipulation and order, or recognizable at common law or in equity. Defendants shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, Defendants shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this stipulation and order pursuant to this paragraph, Defendants shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent that these defenses were available on May 1, 2009.

10.     Defendants shall not seek payment for any healthcare services covered by this stipulation and order from any health care beneficiaries or their parents or sponsors. Defendants hereby waive any causes of action against those beneficiaries or their parents or sponsors or claims for payment relating to the Covered Conduct.

11.     All costs (as defined in the Federal Acquisition Regulation 48 C.F.R. § 31.205-47, and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh and 1396-1396v, and the regulations and official program directives promulgated thereunder) incurred

by or on behalf of Defendants, their predecessors, successors, parents, affiliates, divisions and subsidiaries in connection with the following shall be "unallowable costs" on all Government contracts and under the Medicare and Medicaid Programs:

        a.    the matters covered by this stipulation and order;

        b.    the United States' audit(s) and civil and criminal investigation(s) of the matters covered by Federal Complaint in this action, and this stipulation and order;

        c.    Defendants' investigation, audit, defense, and corrective actions undertaken in response to the United States' audit(s) and investigation(s) in connection with the matters covered by the Complaint, and this stipulation and order (including attorney's fees);

        d.    the negotiation and performance of this stipulation and order; and

        e.    the payments of the Settlement Amount by Defendants to the United States.

12.    If applicable, unallowable costs as set forth in paragraph 11 will be separately determined and accounted for by Defendants, and Defendants shall not charge such unallowable costs directly or indirectly to any contracts with the United States or any State Medicaid Program, or seek payment for such unallowable costs through any cost report, cost statement, information statement, or payment request submitted by Defendants or any of their predecessors, successors, parents, affiliates, divisions or subsidiaries to the Medicare or Medicaid Programs.

13.    Within ninety (90) days of the entry of this stipulation and order, Defendants shall identify to applicable Medicare fiscal intermediaries, carriers, and/or contractors any unallowable costs, as defined in paragraph 11, included in payments previously sought from the United States, or any State Medicaid Program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendants and any

of their predecessors, successors, parents, affiliates, divisions or subsidiaries, and will request, and

agree, that such cost reports, cost statements, information reports, or payment requests, even if

already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. The

United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus

applicable interest and penalties as a result of the inclusion of such unallowable costs on

previously-submitted cost reports, information reports, cost statements, or requests for payment. If

applicable, any payments due after the adjustments have been made shall be paid to the United

States pursuant to the direction of the Department of Justice, and/or the affected agencies.

14.    The United States reserves its rights to disagree with any calculations submitted by

Defendants on the effect of inclusion of unallowable costs (as defined in paragraph 11) on

Defendants or any of their parent's, subsidiaries', or affiliates' cost reports, cost statements, or

information reports. In addition, nothing in this stipulation and order shall constitute a waiver of

the rights of the United States to examine, or re-examine Defendant's books and records to

determine the unallowable costs described in paragraph 11.

15.    Defendants expressly warrant that they have reviewed their financial situations and

that they currently are not insolvent or unable to pay their debts as they become due as of the date

hereof and will not become insolvent following payment of the Settlement Amount, within the

meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I). Further, the parties expressly warrant

that, in evaluating whether to execute this stipulation and order, they (i) have intended that the

mutual promises, covenants, and obligations set forth in this stipulation and order constitute a

contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. §

547(c)(1); and (ii) have concluded that these mutual promises, covenants, and obligations do, in

fact, constitute such a contemporaneous exchange.  Further, each party warrants that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonably equivalent exchange of value which is not intended to hinder, delay, or defraud any entity to which such party is or will become indebted on or after the date of the payment of the Settlement Amount, within the meaning of 11 U.S.C. § 548(a)(1).

16.    In the event that any Defendant commences, or a third party commences, within 91 days of any payment under this stipulation and order, any case, proceeding, or other action (i) under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, seeking to have any order for relief of any Defendant's debts, or seeking to adjudicate any Defendant as bankrupt or insolvent; or (ii) seeking appointment of a receiver, trustee, custodian, or other similar official for any Defendant or for all or any substantial part of any Defendant's assets:

a.    Defendants' obligations under this stipulation and order may not be avoided pursuant to 11 U.S.C. §§ 547 or 548, and no Defendant shall argue or otherwise take the position in any such case, proceeding, or action that: (i) any Defendant's obligations under this stipulation and order may be avoided under 11 U.S.C. §§ 547 or 548; (ii) any Defendant was insolvent at the time this stipulation and order was entered into, or became insolvent as a result of the payment made to the United States hereunder; or (iii) the mutual promises, covenants, and obligations set forth in this stipulation and order do not constitute a contemporaneous exchange for new value given to any Defendant.

b.    If Defendants' obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this stipulation and order,

8

and bring any civil and/or administrative claim, action, or proceeding against any Defendant for the claims that would otherwise be covered by the release provided in paragraph 3, above. If the United States chooses to do so, each Defendant agrees that it or he shall not (i) contend that any such claims, actions or proceedings brought by the United States (including any proceedings to exclude any Defendant from participation in Medicare, Medicaid, or other Federal health care programs) are subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceeding described in the first clause of this paragraph; (ii) plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings which are brought by the United States within thirty (30) calendar days of written notification to any Defendant that the releases herein have been rescinded pursuant to this paragraph, except to the extent that these defenses were available on May 1, 2009; and (iii) contest the validity of a claim filed by the United States against any Defendant in the amount of seven hundred thousand dollars ($700,000) as a priority unsecured claim, and the United States may pursue its claim, inter alia, in the case, action, or proceeding referenced in the first clause of this paragraph, as well as in any other case, action, or proceeding.

        c.      Defendants acknowledge that the agreements as set forth in this paragraph are provided in exchange for valuable consideration provided in this stipulation and order.

17.      Each party to this stipulation and order will bear its own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this stipulation and order.

18.     This stipulation and order is governed by the laws of the United States.  The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this stipulation and order as it relates to this action will be the United States District Court for the Southern District of New York.

19.     This stipulation and order constitutes the complete agreement between the parties. This stipulation and order may not be amended except by written consent of the United States and Defendants.

20.     Subject to the exceptions in paragraph 6, in consideration of the obligations of Defendants in this stipulation and order, conditioned upon Defendants' timely full payment of the Settlement Amount, this action shall be dismissed with prejudice against Defendants as to all claims the United States has asserted against Defendants, as described with particularity in the Complaint, and to the extent of, and as governed by, this stipulation and order.  Provided, however, that the Court shall retain jurisdiction over this stipulation and order and each party to the extent the obligations herein remain unsatisfied by that party.  The dismissal of this action shall be subject to paragraph 6 herein.

21.     The undersigned person signing this stipulation and order on behalf of Defendants represents and warrants that he is authorized by his client Defendants to execute this stipulation and order.  The undersigned United States signatory represents that he is signing this stipulation and order in his official capacity.

22.     This stipulation and order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

23.    The effective date of this stipulation and order is the date on which it is entered by

this Court.

Dated: New York, New York                    PREET BHARARA
       August 30, 2010                       United States Attorney for the
                                             Southern District of New York
                                             Attorney for the United States


By:    _____
                                             PIERRE G. ARMAND
                                             Assistant U.S. Attorney
                                             86 Chambers Street, 3rd Floor
                                             New York, New York 10007
                                             Tel. No.: (212) 637-2724
                                             Fax. No.: (212) 637-2730
                                             Email: pierre.armand@usdoj.gov


Dated: New York, New York                    KOBRE & KIM LLP
       _____ ____, 2010             Attorneys for Khosrow Moghaddam, K&S
                                             Pharmacy, Inc., and Sasha Pharmacy, Inc.


By:    _____
                                             STEVEN G. KOBRE
                                             MATTHEW P. ANDERSON
                                             800 Third Avenue
                                             New York, NY 10022
                                             Tel.: (212) 488-1200
                                             Fax: (212) 488-1220
                                             Email:  Steven.Kobre@KobreKim.com


Dated: _____ ____, 2010


SO ORDERED:


_____
UNITED STATES DISTRICT JUDGE

11

23.    The effective date of this stipulation and order is the date on which it is entered by

this Court.

Dated: New York, New York                    PREET BHARARA
        August 30, 2010                      United States Attorney for the
                                             Southern District of New York
                                             Attorney for the United States

                                    By:    _____
                                             PIERRE G. ARMAND
                                             Assistant U.S. Attorney
                                             86 Chambers Street, 3rd Floor
                                             New York, New York 10007
                                             Tel. No.: (212) 637-2724
                                             Fax. No.: (212) 637-2730
                                             Email: pierre.armand@usdoj.gov

Dated: New York, New York                    KOBRE & KIM LLP
        August   31 , 2010                    Attorneys for Khosrow Moghaddam, K&S
                                             Pharmacy, Inc., and Sasha Pharmacy, Inc.

                                    By:    _____
                                             STEVEN G. KOBRE
                                             MATTHEW P. ANDERSON
                                             800 Third Avenue
                                             New York, NY 10022
                                             Tel.: (212) 488-1200
                                             Fax: (212) 488-1220
                                             Email: Steven.Kobre@KobreKim.com

Dated: _____, 2010

SO ORDERED:
_____
UNITED STATES DISTRICT JUDGE

11

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

UNITED STATES OF AMERICA,      :

         Plaintiff,      :

         - against -      :

KHOSROW MOGHADDAM,      :
K&S PHARMACY, INC., and SASHA
PHARMACY, INC.,      :

         Defendants.      :

------------------------------------------------------x

**JUDGMENT**

10 Civ.

WHEREAS, the United States of America (the "Government") filed its Complaint in this action on August 31, 2010, and defendants Khosrow Moghaddam, K&S Pharmacy, Inc., and Sasha Pharmacy, Inc. ("Defendants") were duly served with a copy of the Complaint, and has accepted service thereof;

WHEREAS, on or about August 31, 2010, the parties hereto entered into a Stipulation and Order of Settlement and Dismissal (the "Stipulation") resolving all of the claims alleged in the Government's Complaint against Defendants, and presented such Stipulation to the Court;

WHEREAS, on or about _____ _____, 2010, this Court signed the Stipulation and, accordingly, it is so ordered;

NOW, THEREFORE, it is hereby ORDERED AND ADJUDGED as follows:

1.      The United States shall have judgment against Defendants in the sum of seven hundred thousand dollars ($700,000.00), to be paid in accordance with the terms of the Stipulation, and the United States shall have execution therefor.

2.    The above-captioned action is dismissed with prejudice, without costs or fees to either party.

Dated: New York, New York

_____ ____, 2010

_____
CLERK OF COURT

2